NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES E. SCHEIDT, : | |
| : | |
| Plaintiff, : | Civil Action No. 13-cv-836 (JAP) |
| : | |
| v. : | **OPINION** |
| : | |
| PATRICK R. DONAHOE, the United States : | |
| Postmaster General, : | |
| : | |
| Defendant. : | |

PISANO, District Judge

Presently before the Court is Defendant, Patrick R. Donahoe's ("Defendant") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket #14]. Plaintiff, James E. Scheidt ("Plaintiff"), opposes this motion [docket #16]. The Court considered the papers filed by the parties and rules on the written submissions without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons that follow, this Court GRANTS Defendant's motion to dismiss in its entirety [docket #14].

**I.   BACKGROUND**

Plaintiff's Complaint, received by the Court on February 11, 2013, arguably consists of four (4) causes of action for a violation of the Americans with Disabilities Act ("ADA"), a failure to accommodate, wrongful termination, and a violation of the Family Medical Leave Act ("FMLA") related to his employment with the United States Postal Service. See Plaintiff's

1

Complaint ("Compl."). The following allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this Court's review only.

Plaintiff was an employee of the U.S. Postal Service and allegedly had medical issues related to his back. Compl., at ¶ 3. Over the last several years, Plaintiff experienced extreme pain as a result of his injuries and had to take time off from work in order to receive treatment. Compl., at ¶¶ 4-5. Plaintiff was able to perform the essential functions of his job; however, the Postal Service refused to provide him with the time off needed as a result of his disability. Compl., at ¶¶ 6-7. In 2010, Plaintiff was involved in an automobile accident that exacerbated his symptoms so he completed forms to seek medical leave under the FMLA. Compl., at ¶¶ 8-9. On August 6, 2010, Plaintiff was advised that he was eligible for FMLA leave and on August 25, 2010, Plaintiff was again approved for leave. Compl., at ¶ 10. However, on August 30, 2010, Plaintiff received a notice that he was not eligible for FMLA leave because he had not met the 1,250 hours worked requirement. Compl., at ¶ 11. Plaintiff asserts that he did not receive anything indicating how many hours he had worked and by his calculations, he had satisfied the requirements of the FMLA. Compl., at ¶12.

Further, in addition to denying him FMLA leave, the Postal Service allegedly failed to accommodate Plaintiff's disability. Compl., at ¶ 13. Plaintiff claims that, despite Defendant's familiarity with his condition, Defendant failed to engage him in an interactive process, and in failing to approve him for temporary time off as a result of his automobile accident, refused to accommodate him. Compl., at ¶ 14. Plaintiff was terminated in December, 2010 and filed a claim with the EEOC on March 14, 2011. On October 29, 2012, an Administrative Law Judge ("ALJ") issued a decision. Compl., at ¶¶ 18, 20. Plaintiff initially appealed the ALJ's dismissal, but later decided to file this complaint in District Court. Compl., at ¶ 20.

## II. DISCUSSION

### a. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," but it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). Therefore, in order to withstand a motion to dismiss pursuant to 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To decide if a complaint meets this plausibility standard and therefore, survives a motion to dismiss, the Third Circuit has required a three step analysis: (1) the Court must "outline the elements a plaintiff must plead to . . . state a claim for relief"; (2) the Court must identify "those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and (3) "where there are well-pleaded factual allegations, [the Court] should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

**b.     Analysis**

Plaintiff's first cause of action is pursuant to the ADA[1] for Defendant's alleged failure to accommodate Plaintiff's disability. Defendant correctly points out, and Plaintiff does not oppose, that the ADA is not applicable to the federal government. *Venter v. Potter*, 435 F. App'x 92, 95 n.1 (3d Cir. 2011) ("[i]n clear statutory language, Congress established that USPS is part of the federal government and that the entire federal government is excluded from the coverage of the ADA.") (citing *Henrickson v. Potter,* 327 F.3d 444, 447 (5th Cir.2003)); *Gallina v. Potter*, No. CIV. 09-3842 DMC JAD, 2010 WL 5013844, at *2 (D.N.J. Dec. 3, 2010) (holding that Plaintiff's ADA claim failed because "Title II of the ADA is not applicable to the federal government." (quoting *Cellular Phone Taskforce v. FCC,* 217 F.3d 72, 73 (2d Cir.2000)). Accordingly, any claims made by Plaintiff pursuant to the ADA against the Defendant USPS must be dismissed, with prejudice. See *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 236 (3d Cir.2008) (holding that dismissal with prejudice is appropriate where an amendment to the complaint would be inequitable or futile).

Next, Plaintiff alleges that his wrongful termination and failure to accommodate claims must be construed under the Rehabilitation Act, 29 U.S.C. § 791. Defendant claims that Plaintiff failed to exhaust his administrative remedies and filed this Complaint prematurely, therefore warranting dismissal. It is well established that "[a] federal employee seeking relief under the Rehabilitation Act must exhaust administrative remedies prior to filing suit." *Campbell v. United States*, 375 F. App'x 254, 258 (3d Cir. 2010) (citing *Freed v. Consol. Rail Corp.,* 201 F.3d 188, 192 (3d Cir.2000); *Spence v. Straw,* 54 F.3d 196, 200 (3d Cir.1995)). The purpose of requiring

---

[1] Plaintiff's opposition papers assert that any disability discrimination claims should be construed pursuant to the Rehabilitation Act. However, Plaintiff's Complaint specifically alleges that Defendant violated the Americans with Disabilities Act. Compl., at p. 4, ¶ 3. As such, for purposes of clarity, the Court will still analyze this claim.

4

exhaustion of administrative remedies prior to filing suit is to encourage "quicker, less formal, and less expensive resolution of disputes within the Federal Government and outside of court."[2] *W. v. Gibson*, 527 U.S. 212, 218-19, 119 S. Ct. 1906, 1910, 144 L. Ed. 2d 196 (1999).  As the Third Circuit has explained:

> . . . [W]e note pragmatic, prudential reasons for such a[n exhaustion] requirement. Allowing a plaintiff to abandon the administrative remedies he has initiated would tend to frustrate the ability of the agency to deal with complaints. All participants would know that at any moment an impatient complainant could take his claim to court and abort the administrative proceedings. Moreover, such a course would unnecessarily burden courts with cases that otherwise might be terminated successfully by mediation and conciliation.

*Purtill v. Harris*, 658 F.2d 134, 138 (3d Cir. 1981).

The Third Circuit has also recognized that "[t]imeliness of exhaustion requirements [is] best resolved under Rule 12(b)(6) covering motions to dismiss for failure to state a claim." *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997).  This is so because "[a] complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition of suit . . . prior submission of the claim to the EEOC for conciliation or resolution." *Id*. at 1022.  Further, "[b]ecause failure to exhaust administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving that the plaintiff has failed to exhaust administrative remedies." *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997).

As relevant here, the procedures for exhausting administrative remedies for a complaint of employment discrimination are set forth in 29 C.F.R. § 1614.  Specifically, once a federal agency has issued a final action on a complaint brought by a federal employee under the Rehabilitation

---

[2] A significant amount of case law deals with administrative exhaustion requirements of Title VII.  However, given that the remedies and procedures set forth in Title VII – including the requirement to exhaust administrative remedies – are incorporated into the Rehabilitation Act, the Court will reference cases involving Title VII for this particular analysis.

Act, the employee, if dissatisfied with the final action, may pursue one (1) of two (2) courses of action: (1) he may forego any administrative appeal and immediately file an action in district court within 90 days of receipt of the final decision, or (2) he may file an appeal of the agency's decision with the EEOC Office of Federal operations ("OFO") within 30 days of receipt of the final agency decision.  See 29 C.F.R. §§ 1614.401, 1614.402, 1614.407.  If the complainant pursues the second course described, *i.e.*, he files an appeal with the OFO and the OFO subsequently issues an adverse decision, the complainant may then file a civil action in federal district court within 90 days of receipt of the OFO decision.  29 C.F.R. § 1614.407(c).  Further, if the complainant files an appeal with the OFO and does not receive any decision from the OFO within 180 days, he may file a civil action in federal district court after the 180 days has elapsed.  29 C.F.R. § 1614.407(d).

   As an initial matter, Plaintiff's Complaint here does not allege that he exhausted his administrative remedies prior to filing suit; rather, it states that Plaintiff began the process of appealing to the EEOC, but then changed his mind and decided to file this suit.  Compl., at ¶ 20.  However, even if Plaintiff included these allegations in his Complaint, he did not properly exhaust his administrative remedies and therefore his Complaint would still be subject to dismissal.  Specifically, as described above, the regulations provide for two (2) courses of action if a complainant is dissatisfied with the decision of a final agency.  What a plaintiff cannot do is what Plaintiff did here – file an appeal with the OFO and then abandon the administrative process by filing suit in federal court before the expiration of the 180-day period during which the OFO may issue a decision on the appeal.  See *Hicks v. Wynne*, No. CIV.06-5699(RBK/KMW), 2009 WL 5206198, at *6 (D.N.J. Dec. 21, 2009) (where the Court held that, because Plaintiff filed a Complaint in federal court on the 161st day after filing the appeal, "Plaintiffs failure to promote claim and constructive discharge claim were untimely filed [because] Plaintiff did not wait the

requisite 180 days after filing her appeal as is required by EEOC regulations.") (citing 29 C.F.R. § 1614.407(d)).

Plaintiff claims that the ALJ erroneously sent the Order to an incorrect address and therefore, he did not receive the opinion until November 16, 2012.  As such, Plaintiff contends that because the time for filing the appeal was expiring, counsel had no choice but to file a notice with the EEOC that Plaintiff would appeal, and after having time to contemplate a course of action, changed his mind and decided to file the instant action.  Plaintiff's logic is flawed, however, because he did have another choice – he could have foregone an OFO appeal and pursued a civil action immediately.  Conversely, however, to the extent Plaintiff made a last minute decision to file an OFO appeal and subsequently changed his mind, Plaintiff merely had to wait for a final decision or for 180 days to pass and could have subsequently filed this suit.  Plaintiff did neither.  As such, Plaintiff's wrongful termination and failure to accommodate claims pursuant to the Rehabilitation Act must be dismissed, as Plaintiff failed to properly exhaust his administrative remedies.

Plaintiff's last claim is for a violation of the FMLA.  Count two of Plaintiff's Complaint alleges that Defendant wrongfully retaliated against Plaintiff by denying him reasonable accommodations after he requested FMLA leave, and Count four merely alleges a general violation of the FMLA.  Defendant alleges that Plaintiff's FMLA claim(s) are untimely and as such, must be dismissed. This Court agrees. Specifically, the statute of limitations for a violation of the FMLA is two (2) years after "the date of the last event constituting the alleged violation for which the action is brought."  29 U.S.C. § 2617(c)(1); see also *White v. Eberle & BCI Servs., LLC*, No. CIV.A. 12-2169 JBS, 2013 WL 211249, at *3 (D.N.J. Jan. 17, 2013) ("Generally, an FMLA claim must be brought "not later than 2 years after the date of the last event constituting the alleged

violation for which the action is brought."). Here, the last event that Plaintiff alleges was a violation of the FMLA occurred on August 30, 2010, when the Defendant denied his request for FMLA leave after determining that he was not eligible because he had not worked 1,250 hours in the previous 12 months. See Compl., ¶¶ 9-11. However, Plaintiff did not file his Complaint until February 11, 2013, approximately two and a half years later. Even assuming the last discriminatory event occurred on the date of Plaintiff's termination in December 2010, he still filed the Complaint beyond the two (2) year statute of limitations.

Plaintiff acknowledges that the FMLA statute of limitations is two (2) years, but argues that the statute should be tolled because he had a pending administrative action and "he would have been forced to file a federal lawsuit alleging FMLA claims prior to filing the federal lawsuit herein." Plaintiff is correct that he should have filed a lawsuit on the FMLA claims; FMLA claims are distinct from Rehabilitation Act claims, and the law is clear that "filing a charge of discrimination with the EEOC or a comparable state agency does not toll the FMLA statute of limitations." *Durham v. Atl. City Elec. Co.*, No. CIV. 08-1120 RBK AMD, 2010 WL 3906673, at *9 (D.N.J. Sept. 28, 2010). Further, the only exception to the two (2) year requirement is that the statute of limitation is extended to three (3) years if the violation of the FMLA is "willful." See 29 U.S.C. § 2617(c)(2). Plaintiff alleges that Defendant's actions were willful because he received two (2) letters stating that he was entitled to FMLA benefits, and then a third letter advising him that he was not. However, willfulness requires a showing of knowledge or reckless disregard for the matter, and Plaintiff's allegations do not rise to this level, as they are easily explained by a mere administrative error on the part of Defendant. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 130, 108 S. Ct. 1677, 1680, 100 L. Ed. 2d 115 (1988) (where the Court addressed willfulness within the context of the Fair Labor Standards Act ("FLSA") and held that an employer engages

in willful misconduct if it "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."). Accordingly, Plaintiff's FMLA claim is untimely and must be dismissed.

### III.   CONCLUSION

For the foregoing reasons, this Court GRANTS Defendant's motion to dismiss in its entirety [docket #14] and dismisses Plaintiff's Complaint [docket #1]. An appropriate Order accompanies this Opinion.

Date:  December 10, 2014                                      /s/ Joel A. Pisano
                                                              JOEL A. PISANO
                                                              United States District Judge